IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-30040 |
| ) | |
| DELPHI HONORABLE, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Delphi Honorable moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I. BACKGROUND

On July 21, 1998, following a conviction for possession of approximately five grams of a mixture or substance containing cocaine base "crack" with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), Defendant Delphi Honorable was sentenced to a term of 188 months of imprisonment in Case Number 97-cr-20057. He was released on November 1, 2011, and began serving a 6-year term of supervised release. On October 14, 2016, a petition to revoke Honorable's supervised release was filed in the 1997 case, in addition to a new indictment in this case. On April 25, 2017, Honorable's supervised release was revoked and he was

sentenced to 24 months imprisonment, which was ordered to run consecutively to the aggregate 75-month sentence imposed in this case, for a total sentence of 99 months. Honorable, who is currently housed at FCI Forrest City Medium in Arkansas, is set to be released from Bureau of Prisons custody on August 1, 2024. Honorable requests that the amended motion for compassionate release be construed to apply in both cases.

Honorable alleges extraordinary and compelling reasons exist which justify compassionate release. He first points to the COVID-19 pandemic. Honorable was diagnosed with COVID-19 in May of 2020 and was still having symptoms such as shortness of breath and coughing several months later. While BOP medical records indicate that he was asymptomatic, Honorable disputes those findings. Honorable further states that he has several underlying medical conditions which could increase his risk of suffering severe illness or even dying from COVID-19. These include hypertension, obesity and being a former smoker for 20+ years.

## II. DISCUSSION

Under the First Step Act, signed into law on December 21, 2018, defendants may file motions for compassionate release after first exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). The law provides the sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary and compelling" reasons whenever "the defendant

has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]." *See* 18 U.S.C. § 3582(c)(1)(A). If properly invoked by the Government, the exhaustion requirement must be enforced. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). Honorable has exhausted his administrative remedies.

The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the sentencing factors of 18 U.S.C. § 3553(a) when deciding compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

Because the Sentencing Guideline policy statement has not been updated since passage of the First Step Act to reflect that defendants (and not only the BOP) may move for compassionate release, there is no "applicable" policy statement concerning the expanded compassionate-release provision. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)." *Id*. Until U.S.S.G. § 1B1.13 is amended, there is not an "applicable" policy statement for courts to rely on in considering prisoner-initiated applications for compassionate release. *See id*. at 1181.

The Defendant's motion provides that Honorable will not be a risk of harm to the public if released. Honorable is 48 years old and has no history of violence, with all of his prior convictions relating to either drug offenses or other non-violent offenses. According to the Sentencing Commission, older drug offenders with a non-violent history are much more likely to succeed on supervised release and not recidivate.

At the time the motion was briefed, Honorable's health issues established extraordinary and compelling reasons for the Court to consider the motion for compassionate release. Because COVID-19 vaccines have become widely available since the Defendant's motion was filed, however, Honorable's likelihood of serious illness due to COVID-19 has diminished. The widespread availability of vaccines for COVID-19 within the Bureau of Prisons likely "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release" for most prisoners. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *Id*. Moreover, "vaccines provide a much better defense against infection than any judicial order could do." *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

The Defendant's vaccination status is unknown. However, the BOP website provides that approximately 75% of the inmates at Forrest City FCC are fully inoculated. Presumably, the Defendant has received the vaccine if he wants it. The Court concludes that Honorable is unable to establish extraordinary and compelling reasons which warrant compassionate release.

Even if Honorable could establish extraordinary and compelling reasons, the Court is unable to conclude that compassionate release should be granted based on the sentencing factors under 18 U.S.C. § 3553(a). While the Court recognizes the likelihood of recidivism decreases with age, Honorable was in his 40s and on supervised release when he committed this offense. During the course of his two BOP terms, Honorable has incurred over 20 infractions from BOP which have resulted in discipline. In 2019, moreover, he was sanctioned for possessing marijuana inside FCI Forrest City Low. Honorable is classified as a high recidivism risk by the BOP. For these reasons, the Court concludes that factors such as providing just punishment, deterrence, and the protection of the public weigh against compassionate release, even if the Defendant were able to establish extraordinary and compelling reasons.

<u>Ergo</u>, the Amended Motion of Defendant Delphi Honorable for Compassionate Release [d/e 36] is DENIED.

ENTER: February 11, 2022

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge